**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-09 C

(Filed July 23, 2015)

**UNPUBLISHED**

FILED
JUL 23 2015
U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * *  *
LARRY EUGENE BAILEY,     *
                         *
        Pro Se Plaintiff,*   Claim Contesting Special Separation
                         *   Benefit Recoupment from Disability
     v.                  *   Compensation; 10 U.S.C. § 1174(h)(2)
                         *   (2012); Exclusive Jurisdiction Lies in the
THE UNITED STATES,       *   Board of Veterans' Appeals.
                         *
        Defendant.       *
* * * * * * * * * * *    *
```

*Larry Eugene Bailey*, Camden, AL, *pro se*.

*Elizabeth Anne Speck*, United States Department of Justice, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Martin F. Hockey, Jr.*, Assistant Director, Washington, DC, for defendant.

## OPINION

**Bush**, *Senior Judge*.

This veterans' disability compensation dispute is before the court on defendant's motion to dismiss brought under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). The motion has been fully briefed. For the reasons stated below, defendant's motion is granted.

## BACKGROUND[1]

Plaintiff Larry Eugene Bailey was honorably discharged from service in the United States Army on December 21, 1993. Compl. at 2. As a retirement incentive, he received a lump-sum payment of $33,611.25[2] in the form of a "Special Separation Benefit" or SSB. *Id.* At the time of his separation from service, Mr. Bailey also applied for disability compensation from the United States Department of Veterans Affairs (VA) for service-connected disabilities. *Id.*

A retroactive award for "20 Percent Disability Compensation" for the period from December 21, 1993 through December 1, 2008 was eventually received by Mr. Bailey, but the VA "withheld[] and recouped the full amount of the SSB payment, $33,611.25," from his retroactive disability compensation award. *Id.* Later, to correct for federal income tax withheld from his original SSB payment, the VA "refunded" $8148.04 to Mr. Bailey. *Id.* Nonetheless, in plaintiff's view, the VA's recoupment of $25,254.13 (his gross SSB amount minus the federal income tax withheld from the SSB)[3] from his disability compensation constitutes a violation both of federal statute and the United States Constitution.

Defendant argues that this type of claim contesting the amount of disability compensation provided to a veteran by the VA must be brought before the Board of Veterans' Appeals, not this court. The government also avers that plaintiff's constitutional claims are beyond this court's jurisdiction. For these reasons, defendant asserts that this case must be dismissed for lack of subject matter jurisdiction.

## DISCUSSION

---

[1] The facts recited here are taken from the complaint. The court makes no finding of fact in this opinion.

[2] An attachment to the complaint contains a slightly different figure: $33,672.17. The difference is immaterial. *See* Compl. Att. 2.

[3] This net recoupment figure provided by plaintiff reflects the calculation set forth in an attachment to the complaint, rather than the difference between the SSB and tax withholding figures provided by plaintiff in the text of the complaint. *See supra* note 2.

2

## I. Standards of Review

### A. *Pro Se* Litigants

The court acknowledges that Mr. Bailey is proceeding *pro se*, and is therefore "not expected to frame issues with the precision of a common law pleading." *Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987). *Pro se* plaintiffs are entitled to a liberal construction of their pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the court has thoroughly examined the complaint and plaintiff's response brief and has attempted to discern all of plaintiff's legal arguments.

### B. RCFC 12(b)(1)

In rendering a decision on a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), this court must presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988). However, plaintiff bears the burden of establishing subject matter jurisdiction. *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)). To meet this burden, plaintiff must establish jurisdiction by a preponderance of the evidence. *Reynolds*, 846 F.2d at 748 (citations omitted).

## II. Analysis

### A. Statutory Violation Claim

Plaintiff cites to 10 U.S.C. § 1174(h)(2) (2012), the statute which governs the recoupment of SSB from subsequent VA disability compensation payments, as support for his claim. The relevant text of the statute squarely addresses the subject matter of this suit:

3

> A [service] member who has received separation pay under this section, or severance pay or readjustment pay under any other provision of law, based on service in the armed forces shall not be deprived, by reason of his receipt of such separation pay, severance pay, or readjustment pay, of any disability compensation to which he is entitled under the laws administered by the Department of Veterans Affairs, but there shall be deducted from that disability compensation an amount equal to the total amount of separation pay, severance pay, and readjustment pay received, less the amount of Federal income tax withheld from such pay . . . .

10 U.S.C. § 1174(h)(2). Plaintiff asserts that the text of the statute forbids the recoupment of his net SSB from his disability compensation.[4]

Defendant asserts that this type of claim, attempting to recover SSB payments which have been recouped by the VA through a reduction in disability compensation, is not within this court's jurisdiction. According to the government, "[t]he Board of Veterans Appeals and not the Court of Federal Claims possesses exclusive jurisdiction to decide matters concerning whether the agency lawfully recouped money from [plaintiff's] disability benefits pursuant to 10 U.S.C. § 1174(h)." Def.'s Mot. at 4. Indeed, as defendant notes, this court has repeatedly refused to exercise jurisdiction over such recoupment claims, because disputes over VA disability compensation must be brought in the specialized forum created for that purpose. *E.g., Moss v. United States*, 101 Fed. Cl. 611, 618-19 (2011); *Young v. United States*, 94 Fed. Cl. 671, 677-78 (2010); *Carlisle v. United States*, 66 Fed. Cl. 627, 633-34 (2005). The court has found no authority, and plaintiff has mustered none, which shows that this court's general grant of Tucker Act jurisdiction, 28 U.S.C. § 1491(a) (2012), overrides the statutory scheme directing recoupment claims to the Board of Veterans' Appeals. Because the Board of Veterans' Appeals possesses exclusive jurisdiction over recoupment

---

[4]/ Plaintiff focuses on the "shall not be deprived" language of the text of the statute and appears to argue that the intent of Congress could not have been to permit the recoupment of SSB payments from veterans' disability compensation. Compl. at 3; Pl.'s Opp. at 6, 8.

4

disputes founded on 10 U.S.C. § 1174(h)(2), plaintiff's claim founded on that statute must be dismissed for lack of subject matter jurisdiction.

### B. Constitutional Claims

Plaintiff also claims that the recoupment of his net SSB payment violated the due process and equal protection guarantees of the United States Constitution. Compl. at 4; Pl.'s Opp. at 1, 7. Such constitutional claims do not, however, fall within the ambit of this court's jurisdiction. First, the constitutional guarantees of due process and equal protection do not provide a money-mandating source of law for claims in this court. E.g., LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (citations omitted). Second, this court has held that when due process violations are alleged to have occurred in the provision of VA benefits, such constitutional claims must be brought before the specialized forum provided by the VA, i.e., the Board of Veterans' Appeals, not this court. Davis v. United States, 36 Fed. Cl. 556, 559 (1996).

Plaintiff cites generally to Commonwealth Edison Co. v. United States, 46 Fed. Cl. 29 (2000), for the proposition that this court has considered due process and equal protection claims in some contexts. Pl.'s Opp. at 8. Plaintiff appears to rely on the following statement in that decision: "this court has jurisdiction to consider whether the [government's] special assessment is an illegal exaction violative of the Due Process Clause, despite the fact that that clause does not contain compensation mandating language." Commonwealth Edison, 46 Fed. Cl. at 43. This court, however, construes the statement in Commonwealth Edison as narrowly applying to the context of illegal exaction cases, not to any and all due process claims focusing on governmental action. Although this court may sometimes consider due process or equal protection claims when alleged violations of fundamental rights are part of a larger claim founded on a money-mandating source of law, e.g., Boyer v. United States, 81 Fed. Cl. 188, 204-07 (2008), these constitutional protections do not give rise, standing alone, to claims over which this court may exercise jurisdiction, LeBlanc, 50 F.3d at 1028. For all of these reasons, plaintiff's free-standing constitutional claims are not within this court's jurisdiction and must be dismissed.

### CONCLUSION

Plaintiff's claims must be dismissed for lack of subject matter jurisdiction.[5] Although Mr. Bailey has also requested that the court appoint counsel to represent him in this case, legal assistance would be futile in these circumstances. Accordingly, it is hereby **ORDERED** that:

(1) Defendant's Motion to Dismiss, filed April 6, 2015, is **GRANTED**;

(2) Plaintiff's Motion for Appointment of Counsel, filed May 27, 2015, is **DENIED** as moot;

(3) The Clerk's Office is directed to **ENTER** final judgment in favor of defendant **DISMISSING** plaintiff's complaint for lack of subject matter jurisdiction, without prejudice; and,

(4) Each party shall bear its own costs.

/s/ Lynn J. Bush
LYNN J. BUSH
Senior Judge

---

[5] Plaintiff did not request transfer of his claims in the event that this court agreed with defendant's jurisdictional challenge to the complaint. The court raises the issue *sua sponte* to consider whether transfer might be a viable option in this case. Unfortunately for plaintiff, this court cannot transfer his claims to the Board of Veterans' Appeals because that forum is not a "court" for the purposes of the transfer statute, 28 U.S.C. § 1631 (2012). *Young*, 94 Fed. Cl. at 678. Accordingly, if plaintiff believes his claims have some chance of success, he must address himself directly to the Board of Veterans' Appeals. The court notes, however, that the Board does not appear to agree with plaintiff's proposed interpretation of § 1174(h)(2). *See, e.g.*, *Majeed v. Nicholson*, 19 Vet. App. 525, 529 (2006).